No. 21-1043

# United States Court of Appeals for the Fourth Circuit

PLANNED PARENTHOOD SOUTH ATLANTIC, et al.,
*Plaintiffs-Appellees*,

– v. –

ROBERT M. KERR,
*Defendant-Appellant.*

On Appeal from the United States District Court
for the District of South Carolina
Case No. 3:18-cv-02078 (Hon. Mary Geiger Lewis)

## UNOPPOSED MOTION TO SUBMIT THE CASE ON THE BRIEFS

Nicole A. Saharsky
MAYER BROWN LLP
1999 K Street NW
Washington, DC 20006
(202) 263-3000

Avi M. Kupfer
MAYER BROWN LLP
71 South Wacker Drive
Chicago, IL 60606
(312) 782-0600

Jennifer Sandman
PLANNED PARENTHOOD
FEDERATION OF AMERICA
1110 Vermont Avenue NW, Suite 300
Washington, DC 20005
(202) 973-4909
jennifer.sandman@ppfa.org

M. Malissa Burnette
Kathleen McDaniel
BURNETTE, SHUTT & MCDANIEL, PA
912 Lady Street, Second Floor
Columbia, SC 29201
(803) 904-7913

*Counsel for Appellees Planned Parenthood South Atlantic and Julie Edwards*

Pursuant to Local Rule 34(e) and the Court's September 12, 2023, order tentatively calendaring the case, Appellees Planned Parenthood South Atlantic and Julie Edwards respectfully move to submit the case on the briefs. Appellant Robert M. Kerr does not oppose this motion.

This is the third time that the Court is hearing this case. The Court has twice decided the legal issue in this case, which is whether the Medicaid Act's free-choice-of-provider provision, 42 U.S.C. § 1396a(a)(23)(A), confers a right enforceable under 42 U.S.C. § 1983. The Court initially decided that question in 2019, then reaffirmed its holding in 2022, each time with full briefing and oral argument. *See Planned Parenthood S. Atl. v. Kerr*, 27 F.4th 945, 954-59 (4th Cir. 2022); *Planned Parenthood S. Atl. v. Baker*, 941 F.3d 687, 696-701 (4th Cir. 2019). Then the Supreme Court vacated this Court's judgment in *Kerr* and remanded for the Court to consider whether *Health & Hospital Corp. of Marion County v. Talevski*, 599 U.S. 166 (2023), requires it to revisit its prior holding. *See Kerr v. Planned Parenthood S. Atl.*, 143 S. Ct. 2633 (2023).

Appellees respectfully submit that oral argument is unnecessary to address *Talevski*'s impact on this case. The only question before this Court is the narrow question whether *Talevski* changed the law in a way that requires this Court to reverse its prior holding. The answer is no. The main issue in *Talevski* was whether Spending Clause legislation can give rise to privately enforceable rights under Section 1983. But South Carolina never

1

made that argument in this Court. And even if it had, the Supreme Court's decision in *Talevski* would not aid South Carolina, because the Court held that Spending Clause statutes *can* give rise to privately enforceable rights. *Talevski*, 599 U.S. at 174-80. The *Talevski* Court also considered the question whether the two statutes in that case unambiguously conferred privately enforceable rights. But the Court did not change the relevant legal test or overrule any of its prior precedents. So *Talevski* does not require any change to this Court's prior holding. The parties' arguments on these points are fully presented in their supplemental briefs. Appellees therefore respectfully suggest that oral argument is not needed in this case.

Respectfully submitted,

| | |
|---|---|
| Nicole A. Saharsky<br>MAYER BROWN LLP<br>1999 K Street NW<br>Washington, DC 20006<br>(202) 263-3000 | Jennifer Sandman<br>PLANNED PARENTHOOD<br>FEDERATION OF AMERICA<br>1110 Vermont Avenue NW, Suite 300<br>Washington, DC 20005<br>(202) 973-4909<br>jennifer.sandman@ppfa.org |
| Avi M. Kupfer<br>MAYER BROWN LLP<br>71 South Wacker Drive<br>Chicago, IL 60606<br>(312) 782-0600 | M. Malissa Burnette<br>Kathleen McDaniel<br>BURNETTE, SHUTT & MCDANIEL, PA<br>912 Lady Street, Second Floor<br>Columbia, SC 29201<br>(803) 904-7913 |

*Counsel for Appellees Planned Parenthood South Atlantic and Julie Edwards*

Dated: September 19, 2023

3

## CERTIFICATE OF COMPLIANCE

Pursuant to Federal Rule of Appellate Procedure 32(g), the undersigned counsel for Appellees certifies that this motion:

(i) complies with the type-volume limitation of Rule 27(d)(2)(A) because it contains 372 words excluding the parts of the motion exempted by Rule 32(f); and

(ii) complies with the typeface and style requirements of Rule 32(d)(1)(E) because this document has been prepared using Microsoft Office Word 2016 and is set in Century Schoolbook font in a size equivalent to 14 points or larger.

Dated: September 19, 2023                                   /s/ *Nicole A. Saharsky*